# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **MAURICE J. McDONALD**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 2324 |
| | ) | |
| **RICK HARRINGTON**, etc. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER[1]

Maurice McDonald ("McDonald") has tendered a hopelessly turgid 29-page hand-printed Complaint that names only Menard Correctional Center ("Menard") Warden Rick Harrington as a defendant[2] and carries this lengthy caption:

> Declaratory Judgment per, 28 U.S.C. § 2201-2202, to Declare a Legal Right Exist and a Obligation Exist Between Prison Official; and the Judiciary and Petitioner - Declarant From Proven and Documented Proven False Imprisonment For a Injunction to Wrongful Conviction.

McDonald has also accompanied his Complaint with two filled-out printed forms supplied by this District Court's Clerk's Office for use by prisoner plaintiffs -- an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion")[3] -- and with a

---

[1] This opinion had already been dictated and was ready for transcription before this Court received the Prisoner Profile Information report discussed as the final aspect of the opinion. Although that report alone would have blocked this action from going forward until the required $350 filing fee had been paid, there seemed to be little point in requiring such payment and, if the fee was then in fact paid by McDonald, in thereafter dealing with the flaws hereafter identified in the text. Accordingly those substantive matters are addressed first in what follows.

[2] McDonald is serving a long-term criminal sentence at Menard, and his pleading characterizes Warden Harrington as "Respondent [sic]" rather than "Defendant."

[3] More as to the Application and Motion later.

hand-printed document captioned "Motion For Appointment of the Federal Public Federal Defender For Public Importance Upon Judicial Notice" that unwittingly reconfirms McDonald's total lack of understanding of federal jurisdiction and jurisprudence.

As for the caption quoted at the outset, it has been clearly established for more than three quarters of a century that the two cited statutory sections (which form the Declaratory Judgment Act) are purely procedural and are <u>not</u> a fount of federal subject matter jurisdiction (see <u>Aetna Life Ins. Co. v. Hayworth</u>, 300 U.S. 227 (1937)). Those statutes do not purport to expand federal jurisdiction, so that a federal court must have statutory authority and constitutional power as a predicate for jurisdiction to hear a declaratory relief action (see <u>Skelly Oil Co. v. Phillips Petroleum Co.</u>, 339 U.S. 667 (1950)). Here a review of McDonald's sprawling and often wholly disjointed allegations discloses a total failure in that respect.

Complaint pages 1 through 6 begin with a request for declaratory and injunctive relief based on McDonald's claimed cures applicable to HIV-1 and HIV-2 infections as the result of what he characterizes as some 38 years of research. This Court is admittedly not qualified to judge the legitimacy (or lack of legitimacy) of McDonald's scientific-sounding exposition -- but that is not at all relevant in light of the clear truths (1) that no violation of a federal constitutional right or other substantive federal right has been identified by McDonald and (2) that nothing is said by him to lay responsibility at the doorstep of the lone defendant, Warden Harrington.

McDonald then segues from that federally meaningless discussion into a section captioned "Statement of the Case" that goes back to McDonald's 1989 arrest on a murder charge on which he was later convicted. What is again clear from the ensuing detailed narrative that

occupies Complaint pages 6 through 10[4] is (1) that McDonald is far out of time in challenging all of the matters that he has raised in that portion of his submission and, again, (2) that he does not implicate Warden Harrington at all.

There is frankly no reason to wade through the remaining 19 pages of McDonald's prolix submission, which he lists under rubrics II through XI. All of them assertedly rest on the nonexistent foundation of the Declaratory Judgment Act, with no currently live constitutional or other federal grounds for relief being identified -- and lastly, none of the matters advanced by McDonald can be laid at the doorstep of Warden Harrington either.

In sum, this Court has conducted the screening called for by 28 U.S.C. § 1915A(a),[5] and it finds that McDonald's entire attempted action is frivolous in the legal sense (see Sections 1915A(b)(1) and 1915(e)(2)(B)(i)). Hence both the Complaint and this action are dismissed.

That leaves for brief discussion the Application, the Motion and the ill-considered request for the appointment of someone whom McDonald characterizes as the "Federal Public Defender." Those latter two motions are denied as moot, but the Application brings into play the provisions of Section 1915 under which McDonald is obligated to pay the full $350 filing fee either in full or in future installments (the latter under the special type of in forma pauperis treatment that Congress has prescribed for prisoner litigants).

---

[4] Those pages comprise the asserted Statement of the Case and a section that McDonald sets out under the rubric "I."

[5] All further references to Title 28's provisions will simply take the form "Section --."

On that score this Court has obtained the Petitioner Profile Information as to McDonald's prior litigation history, as maintained by this District Court as to all prisoner litigants. That report reflects that it has been <u>over two decades</u> since McDonald's litigation activities first brought into play the operation of Section 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As that report reflects, McDonald accumulated his third "strike" back in September 1993 -- and he has amassed no fewer than a dozen more strikes since then.[6] That being so, the Application is denied and McDonald is ordered to pay the $350 filing fee in full.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 4, 2014

---

[6] Although McDonald's name was unknown to this Court because none of his earlier cases had been assigned to it via random assignment, the same report lists 16 lawsuits that he has filed in this District Court.